. Avera *vs.* Vason.

42  233
91  192

GEORGE W. AVERA, sheriff, plaintiff in error *vs.* WILLIAM J. VASON, executor, defendant in error.

In this case there being no appearance for the plaintiff in error, the defendant moved the Court to open the record, and prayed for an affirmance of the judgment of the Court below, with damages for delay.

*Held,* That the defendant was entitled to an affirmance of the judgment on the statement of facts contained in the record, and that damages be awarded as provided by the 4221st section of the Code for delay in bringing the case up to this Court.

If a sheriff sell land and put the purchaser in possession without collecting the bid, he will be made to pay the money. (R.)

Practice. Supreme Court. Damages. Before Judge CLARK. Calhoun Superior Court. March Term, 1870.

In September, 1869, a mortgage *fi. fa.*, in favor of William J. Vason, executor of Turner Clanton, against William C. Bray, was issued from said Court. On the 4th of October, 1869, Avera, the sheriff, levied it upon the mortgaged lands. At March Term, 1870, he was ruled by the plaintiff. He answered, that on the first Tuesday of December, 1869, he sold said land to one Dunn, at $2,000 00, but Dunn had not complied with the terms of the sale. He admitted that he had put Dunn in possession of the land, and that

Dunn then had exclusive possession of it.    He asked further time to readvertise and resell the land.    The Court granted an order absolute, requiring Avera to pay said $2,000 00 to plaintiff.    This was followed by attachment *nisi*, and attachment absolute.    Avera sued on his writ of error, averring that the Court erred in granting the first rule absolute.

When the cause was called here there was no appearance for Avera.    Counsel for Vason moved to open the record and have the judgment affirmed, under Rule 22d, of this Court, and asked for damages for delay.

C. B. WOOTEN, for plaintiff in error.

No appearance for defendant.

WARNER, J.

On the statement of facts disclosed by the record in this case, the defendant is entitled to have the judgment of the Court below affirmed, and is also entitled to have damages awarded, as provided by the 4221st section of the Code, for delay in bringing the case up to this Court.

Let the judgment of the Court below be affirmed, and damages be awarded.